798 F.2d 470
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jimmy McGOWAN, Plaintiff-Appellant,
v.
AVCO CORPORATION, Defendant-Appellee.
 No. 85-5284.
 United States Court of Appeals,
Sixth Circuit.
 June 3, 1986.
 
 Before KRUPANSKY, GUY and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff/appellant Jimmy McGowan (McGowan) appealed from a decision that dismissed his complaint which charged racial discrimination in employment. McGowan alleged that defendant Avco Corporation (Avco) discriminated against him when it terminated his employment at the end of his probationary period. The position from which McGowan was terminated constituted his fourth work experience with Avco. Avco, a manufacturer of aircraft wings and component parts, operated a four-week aircraft assembly school for training prospective employees. McGowan was first admitted to the training program during 1968. McGowan voluntarily withdrew from the program before he completed the course of instruction. Through the intercession of an Avco supervisor, a white male, McGowan was afforded a second opportunity to attend the school in 1981. Although he failed to achieve the minimum performance standards for completion of the four-week course, Avco representatives extended his instruction for an additional week of individualized personal training and loaned him transportation money to permit him to complete the course. After completing the course, McGowan was employed by Avco in the aircraft assembly department but was discharged in late 1981 for unsatisfactory performance. McGowan conceded that there were no racial motivations or overtones that attached to his termination. After McGowan and his wife made a direct appeal to Avco's director of labor relations, McGowan was rehired to a probationary position in the burr and blend department. McGowan's job required that he grind and sand airplane wings to specifications. Although McGowan's work classification was the least skilled in the department and most employees became proficient in the work assignments in two to three weeks, McGowan was unable to master the necessary skills within his eight-week probationary period and as a result was discharged.
 
 
 2
 McGowan subsequently filed suit in federal district court alleging violations of Title VII of the Civil Rights Act of 1964. The district court transferred the action to a magistrate who, after conducting a bench trial, recommended that McGowan's claims be dismissed. On March 8, 1984, the district court adopted the magistrate's findings of fact and conclusions of law and determined that McGowan had failed to establish a prima facie case of discriminatory discharge. This appeal ensued.
 
 
 3
 On appeal, McGowan contended that the magistrate's findings of fact, adopted by the district court, were clearly erroneous. However, a review of the record disclosed that McGowan's work history and subsequent discharge from Avco were devoid of any racial implications. Company records introduced as evidence reveal that at least three blacks in the same job classification successfully completed their probationary period at approximately the same time as McGowan and that at least eleven white employees were discharged or resigned during their probationary period for reasons similar to McGowan's. McGowan's self serving testimony was the only evidence of a racial animus and it was impeached by extrinsic evidence and discredited by other witnesses. Thus McGowan failed to present a prima facie case of discriminatory discharge.
 
 
 4
 For these reasons, and the reasons articulated in the opinion below, the decision of the district court is AFFIRMED.